UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UCHENNA N. OBIANYO, | |
| Plaintiff, | Civil Action No. 12-5320 (NLH-AMD) |
| v. | **OPINION** |
| STATE OF TENNESSEE, UNITED STATES DEPARTMENT OF STATE, | |
| Defendants. | |

Appearances:

UCHENNA N. OBIANYO
#102
532 OLD MARLTON PIKE
MARLTON, NJ 08053
    *Pro Se Plaintiff*

**HILLMAN, District Judge**

This matter comes before the Court upon plaintiff's filing of a complaint, *pro se*, and applications to proceed *in forma pauperis* (IFP). For the reasons explained below, plaintiff's IFP applications will be granted, but his complaint shall be dismissed without prejudice.

    I.    **Standard for Reviewing Non Prisoner IFP Applications**

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Although Section 1915 refers to "prisoners," Federal courts apply Section 1915 to non-prisoner IFP applications. See Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309,

1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 Fed. App'x 130 (3d Cir. 2008); Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002); Clay v. New York Nat'l Bank, 2001 U.S. Dist. LEXIS 3209, (S.D.N.Y. Mar. 21, 2001))).

The decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Plaintiff has signed an affidavit in support of his IFP application declaring under penalty of perjury that he has no money and no assets. Based on this information, the Court will grant his IFP application.

Having filed an IFP application, pursuant to Section 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . [] is frivolous or malicious; [] fails to state a claim on which relief may be

granted; [] or seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C.A. § 1915(e)(2).  The Court will review plaintiff's complaint under the standard afforded to *pro se* litigants.

## II. Standard for Reviewing Pro Se Complaints

Pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant.  Haines v. Kerner, 404 U.S. 519, 520 (1972), reh'g denied, 405 U.S. 948 (1972).  Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006)(finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

## III. Discussion

In his complaint, plaintiff claims that he is a diplomat who has served as an attaché to the United States and who has never been paid his "diplomatic immunity stipend."  He also claims,

among other things, that the United States government and the State of Tennessee, acting on behalf of the United States government, "physically and electronically" stalked him and stole his documents. Plaintiff alleges that the defendants' conduct is criminal activity, violates his constitutional rights, and constitutes fraud. For his remedy, Plaintiff seeks damages in the amount of $10 million.

At the outset, plaintiff's criminal charges must be dismissed. A private citizen lacks standing to file criminal charges. See Maine v. Taylor, 477 U.S. 131, 136, 106 S.Ct. 2440 (1986) ("[T]he United States and its attorneys have the sole power to prosecute criminal cases in the federal courts . . . ."); Wingate Inns, Int'l, Inc. v. HighTech Inn.com, LLC, No. 07-5014, 2009 WL 5216978, at *6 (D.N.J. Dec. 29, 2009) (finding private citizen may not bring a criminal action) (citations omitted)).

The remainder of plaintiff's complaint must be dismissed because his claims, as the Court construes them, cannot proceed here. As best as the Court can decipher,[1] plaintiff alleges

---

[1] Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a), or the requirement that the plaintiff provide defendants with fair notice of his claims and the grounds upon which they rest. While it is clear that Plaintiff claims some form of diplomatic status which entitles him to compensation from the U.S. government, he provides no specifics. His claim that the State of Tennessee and the U.S. State Department stole his personal documents is similarly devoid of detail. Other than claiming that these actions violate his constitutional rights and constitute fraud, plaintiff has not provided any factual

4

defendants owe him money as a United States diplomat and because they stole his personal documents.  To the extent that plaintiff is bringing a claim against the United States regarding the breach of an employment agreement with the Department of State, plaintiff's claim for a breach of a contract with the U.S. Government in excess of $10,000$^2$ is a claim that has exclusive jurisdiction in the U.S. Federal Court of Claims.  See 28 U.S.C. § 1491(a)(1); Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 686 (2006) (citing 28 U.S.C. § 1346(a)(2)).

---

information to support any of contentions or to demonstrate the alleged unlawful conduct. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (determining that the Twombly decision focuses on the "context" of the required short, plain statement and that fair notice under Rule 8(a)(2) for some complaints require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (citing Twombly, 127 S.Ct. at 1964). Ordinarily, we would grant a pro se litigant leave to re-plead if there is some chance the specificity and plausibility standard of Twombly/Iqbal could be met.  Here, however, such an amendment would be futile.  Even assuming some merit to Plaintiff's apparently fanciful claim, he has sued one defendant in the wrong court and the other is immune from suit.  Therefore any amendment would be futile. See Phillips v. County of Allegheny, 515 F.3d 224  (3d Cir. 2008) (finding that a district court must permit a curative amendment unless such an amendment would be inequitable or futile); Foster v. Raleigh, No. 11-1572, 2011 WL 4454169, at *1 (3d Cir. Sept. 27, 2011)(affirming district court's dismissal of amended complaint with prejudice on ground that further amendment "would be futile because Mr. Foster's claims are unintelligible, and he appears to lack the capacity to file comprehensible pleadings.").

   $^2$Plaintiff alleges that he is owed over $10 million.

Moreover, Plaintiff's claims against the State of Tennessee are barred by the doctrine of sovereign immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (stating that § 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity"); Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (stating that suing a government employee in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent"); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (finding that the Eleventh Amendment has been interpreted to bar suits for monetary damages by private parties in federal court against a

6

state, state agencies, or state employees sued in their official capacity).[3]

Consequently, because the Court lacks jurisdiction to hear plaintiff's claims against the United States State Department, and plaintiff is barred by the doctrine of sovereign immunity from pursuing his claims against the State of Tennessee in this Court, plaintiff's complaint must dismissed. The dismissal shall be without prejudice, however, to plaintiff's right to bring his claims in the proper forums. An appropriate Order will be entered.

Date: December 28, 2012          /s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[3]To the extent that plaintiff's complaint can be construed as requesting prospective injunctive relief against a state official, the law would provide a possible basis for that relief. The judicial doctrine of Ex Parte Young allows suits against states in federal court seeking prospective injunctive relief to proceed only against state officials acting in the official capacities. See Ex Parte Young, 209 U.S. 123 (1908). The exception created by Ex Parte Young has been interpreted to allow suits against state officials for prospective and declaratory relief in order to end continuing violations of federal law. Balgowan v. State of New Jersey, 115 F.3d 214, 217 (3d Cir. 1997); see also Doe v. Division of Youth and Family Services, 148 F. Supp. 2d 462, 483 (D.N.J. 2001). This doctrine is not applicable, however, if "the relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter," and, as when the state or state agency itself is named as the defendant, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984) (citations omitted). Here, Plaintiff names the State of Tennessee as the defendant and seeks only monetary relief. Thus, the Ex Parte Young doctrine does not apply.